United States District Court
For the Northern District of California

1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8   JOSEPH LEVERONI, as Executor of THE           No. C 05-04295 SI
    ESTATE OF LOUISE K. LEVERONI and as
9   Trustee of the LOUISE K. LEVERONI TRUST,      **ORDER GRANTING DEFENDANT'S
                                                  MOTION FOR PARTIAL SUMMARY
10             Plaintiff,                          JUDGMENT**

11      v.

12  UNITED STATES OF AMERICA,

13             Defendant.
                                            /
14
15
16          Defendant United States of America has filed a motion for partial summary judgment, which is

17  currently scheduled for a hearing on October 6, 2006.  Pursuant to Civil Local Rule 7-1(b), the Court

18  determines the matter is appropriate for determination without oral argument, and accordingly

19  VACATES the October 6, 2006 hearing.  **The 2:30 p.m. case management conference on October 6,**

20  **2006 remains on calendar**.  For the reasons set forth below, the Court hereby GRANTS defendant's

21  motion for partial summary judgment.

22
23                              **BACKGROUND**

24          Plaintiff Joseph Leveroni is the Executor and Trustee of the Estate and Trust of Louise K.

25  Leveroni, who died on June 9, 1996.  Compl. ¶¶ 1, 5.  Plaintiff filed the estate tax return on August 30,

26  1996, *id.* ¶ 5, and it was entered into IRS computer records on October 14, 1996; the return showed a

27  tax due of $866,418.00.  Supp. Weill Decl. ¶ 2.  Plaintiff thereafter made the following installment

28  payments:

| Check No. | Date Paid / Posted by IRS | | Amount |
|---|---|---|---|
| 110 | 3/7/97 | 3/10/97 | $62,189.92 |
| 5876 | 5/6/98 | 5/8/98 | $71,064.03 |
| 16604 | 3/8/99 | 3/11/99 | $56,490.89 |
| 17599 | 3/9/00 | 3/13/00 | $57,090.35 |
| 18419 | 3/7/01 | 3/13/01 | $63,452.91 |
| | | | $310,288.10 |

Weill Decl. Ex. A; Supp. Weill Decl. Ex. B.

The tax return, however, included an error resulting in an overstatement of estate tax liability. Dal Poggetto Decl. ¶ 7. Plaintiff ultimately discovered the error and, on February 27, 2002, submitted an amended estate tax return reflecting a total tax liability of $96,095, and claiming an overpayment and refund due of $214,193.10. Weill Decl. Ex. A.

On October 22, 2003, defendant rejected plaintiff's refund claim in part, asserting that with the exception of the final two payments ($57,090.35 and $63,452.91), plaintiff's overpayment refund claim is barred by the statute of limitations of the Internal Revenue Code. Compl. ¶ 7. No refund was issued. *Id.* On October 21, 2005, plaintiff filed this complaint seeking $246,150.52,[1] plus interest and costs. Defendant moves for partial summary judgment on the statute of limitations issue and argues that the refund claim is limited to the $120,543.26 which is comprised of the final two payments.

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that

---

[1]While the amended estate tax return form indicates an overpayment of $214,193.10, plaintiff's complaint seeks relief for overpayment "in the amount of $246,150.52, plus interest." Compl. ¶ 6. No explanation is given for the discrepancy.

United States District Court
For the Northern District of California

there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Summary judgment is also appropriate in cases where the facts controlling the application of a rule of law are undisputed, and the parties merely raise questions of law, "the resolution of which does not involve disputed 'material' facts." *Delbon Radiology v. Turlock Diagnostic Ctr.*, 839 F. Supp. 1388, 1391 (E.D. Cal. 1993); William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 14:207 (The Rutter Group 2006).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

**1.     Plaintiff's claim for a refund of the first three installments is untimely under I.R.C. § 6511**

The Internal Revenue Code provides in pertinent part: "Claim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . ." I.R.C. § 6511(a). Additionally, "[i]f the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." *Id.* at § 6511(b)(2)(B). Defendant asserts that the initial three installments were paid by plaintiff more than two years prior to the filing of the refund claim and thus recovery of these payments is barred by the statute of limitations. Plaintiff does not contest the timing of the installments, but rather argues that the installments were merely deposits—not taxes "paid" for the purposes of I.R.C.

United States District Court

For the Northern District of California

§ 6511—and that the statute of limitations under § 6511 was not triggered until October 22, 2003 when the IRS rejected plaintiff's refund claim.

Plaintiff relies principally on *Rosenman v. United States*, 323 U.S. 658, 65 S. Ct. 536 (1945), for the proposition that advance payments deposited into a "suspense" account do not constitute tax "payments" for the purposes of the statute of limitations under the Internal Revenue Code. The facts of *Rosenman*, however, are distinguishable. In that case, petitioner executors disputed the tax amount legally due and only delivered an estimated tax payment to the Collector of Internal Revenue under protest to avoid penalties and interest. *Id.* at 659–60, 65 S. Ct. at 537. The check was then deposited in a suspense account to be held until formal tax assessment was made. *Id.* at 660, 65 St. Ct. at 537. The Supreme Court explained that petitioner's advance payment was not a tax "payment" for the purposes of the statute of limitations under the Internal Revenue Code, but rather an advance of estimated taxes as per "an interim arrangement to cover whatever contingencies the future might define." *Id.* at 662, 65 S. Ct. at 538. Such advances, the Court noted, are merely

> payments in escrow. They are set aside . . . in special suspense accounts established for depositing money received when no assessment is then outstanding against the taxpayer. The receipt by the Government of moneys under such an arrangement carries no more significance than would the giving of a surety bond. Money in these accounts is held not as taxes duly collected are held but as a deposit made in the nature of a cash bond for the payment of taxes thereafter found to be due.

*Id*. at 662, 65 S. Ct. at 538.

In contrast, here plaintiff's tax installments were paid after the estate had filed a tax return and the tax due had been assessed. The installments were credited against the assessment and not placed in any suspense account. The statute of limitations as to a claim for recovery of tax overpayment was thus triggered when each installment was paid, not on October 22, 2003—the date on which defendant rejected plaintiff's refund claim—as plaintiff suggests. By asserting that the statute of limitations was not triggered until October 22, 2003, plaintiff essentially argues that neither the tax assessment nor the tax "payment" occurred until the date on which defendant rejected plaintiff's refund claim. Plaintiff has offered no authority in support of the assertion that the assessment and payment dates are tied to the date of the rejection of the claim. To the contrary, the very filing of plaintiff's refund claim tends to show that formal assessment and payment had indeed been made, for otherwise there would have been "no

taxes 'erroneously or illegally assessed or collected' for the collection of which [plaintiff] could have filed a claim for refund." *Id.* at 661, 65 S. Ct. at 538.

"A remittance or amount collected is recognized as a 'payment' to the IRS when it discharges a definite obligation." *Qureshi v. United States IRS*, 75 F.3d 494, 496 (9th Cir. 1996). While the taxpayer in *Rosenman* paid an advance tax estimate under protest to avoid penalties and interest for delayed payment, the advance did not discharge a definite obligation at that time and thus did not trigger the statute of limitations period. Here, however, plaintiff's tax installments were timely credited against the estate tax assessment. Plaintiff's tax installments were therefore payments within the meaning of I.R.C. § 6511 triggering the statute of limitations as to filing of claims for refund of overpayment. Accordingly, the Court concludes that plaintiff's claims as to the first three installments are time barred.

**2.      The non-issuance of a closing letter does not extend the statute of limitations**

Plaintiff argues that because the IRS never issued a closing letter, the Court should extend the statute of limitations to seek refund. Plaintiff concedes that there is no authority for this proposition. *See* Pl's Oppo. to Motion for Summ. J. at 6:1–2. The Court finds plaintiff's argument to be without merit.

Plaintiff additionally argues that defendant cannot be permitted to profit from plaintiff's inadvertent error in the initial filing when defendant should have performed an audit and review of the tax return to correct any such errors. Again, plaintiff's assertion is unsupported by authority. Whether a timely audit and review by defendant of plaintiff's tax return would have disclosed the error is not relevant; the responsibility for discovering a filing error lies with the taxpayer seeking relief. To avoid unjust enrichment of either the Government or the taxpayer, Congress has provided a statutory time within which to file a claim for correction of under or overpayment. Beyond that time, a party's right to seek relief for such an error is waived.

**3.      I.R.C. § 1311 does not authorize adjustment of plaintiff's estate tax return**

The Court also concludes that plaintiff is not entitled to relief for tax filing error under the mitigation provisions of I.R.C. § 1311. The mitigation provisions require, among the conditions

United States District Court

For the Northern District of California

1   necessary for adjustment, "[m]aintenance of an inconsistent position."  I.R.C. § 1311(b)(1); *see also*

2   *Qureshi*, 75 F.3d at 498 (interpreting I.R.C. § 1311 to require that "the [tax] determination be

3   inconsistent with that made in another year" (quoting *Kolom v. United States*, 791 F.2d 762, 765 (9th

4   Cir. 1986)).  Because each tax year is considered separately, a temptation exists to take advantage of

5   limitation periods to assert inconsistent positions between different years.  5-82 Bryan Camp, Federal

6   Income, Gift and Estate Taxation § 82.01 (Matthew Bender 2006).  The mitigation provisions of I.R.C.

7   § 1311 operate to protect a party that has relied on the original position.  *See id.*

8          Here, however, plaintiff has shown no inconsistency among the estate tax assessments justifying

9   an equitable exemption from the statute of limitations.  The tax installments at issue were paid against

10  the tax liability assessed as of plaintiff's original estate tax filing in 1996.  I.R.C. § 1311 is therefore

11  inapplicable.

12

13  **4.      The doctrine of equitable recoupment does not permit plaintiff to recover overpayment
            that would otherwise be barred by the statute of limitations**

14

15         Plaintiff similarly argues that the doctrine of equitable recoupment should operate to prevent an

16  inequitable windfall to the Government.  "Equitable recoupment is a doctrine exercised by courts of law

17  to render fundamental justice and equity in situations where strict adherence to rules of pleading or the

18  terms of the statutes of limitations would result in unfairness."  14 Jacob Mertens, Jr., The Law of

19  Federal Income Taxation § 50:66, 50-128 (West 1999).  As the Supreme Court has explained, however,

20  "a claim of equitable recoupment will lie only where the Government has taxed a single transaction,

21  item, or taxable event under two inconsistent theories."  *United States v. Dalm*, 494 U.S. 596, 605 n.5,

22  110 S. Ct. 1361, 1367 n.5 (1990).  Here, the Government has not taxed a single transaction, item, or

23  taxable event under inconsistent theories.  The Government has simply collected and credited plaintiff's

24  installments against the same tax liability assessed in 1996.  The doctrine of equitable recoupment,

25  therefore, is also inapplicable.

26

27

28  ///

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion for partial summary judgment.  (Docket No. 15).

**IT IS SO ORDERED.**

*Susan Illston*

Dated:  October 3, 2006

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

8